L. E. SHORES, Respondent, v. DAKOTA-MONTANA OIL COMPANY, a Corporation, Appellant.

(224 N. W. 901.)

Opinion filed April 6, 1929.

*Louis P. Donovan* and *Nestos, Herigstad, & Stenersen,* for appellant.

*McGee & Goss,* for respondent.

BURKE, Ch. J. This is an appeal from an order overruling a demurrer to plaintiff's complaint on the ground that it does not state facts sufficient to constitute a cause of action. The complaint alleges in substance that the plaintiff, on the 17th of March, 1923, was the owner and holder of 18,000 shares of stock in the defendant corporation; that on said date, A. M. Fruh, M. E. Porter and F. C. Kaatz, president, vice-president and secretary of said corporation, managers and a majority of the directors of said corporation, exercising entire management and control thereof, in its behalf, and for it, represented to the plaintiff that it was desirable and beneficial to said corporation that the outstanding stock of said corporation be reduced and that if he, the plaintiff, would transfer to said corporation 8,500 shares of his capital stock that they, and each of them, would transfer a proportionate amount of their capital stock; that all of said stock when transferred would be sold for not less than par and the said corporation would be enriched with the proceeds of the sale of such stock; that the plaintiff, believing all of such statements and that the said directors of the defendant were acting in good faith, for no other consideration than the promises made by said directors to transfer a proportionate share of their stock, the plaintiff transferred 8,500 shares of his stock to the defendant; that the representations were made fraudulently and with no intent on the part of said directors to transfer any of their stock; that they never transferred any of their stock to the said defendant; that the plaintiff, after discovery of said fraud, on April 19, 1926, served notice on the defendant rescinding his transfer of said 8,500 shares and demanded that said stock be returned, assigned and delivered to plaintiff, or if said shares had been sold, that 8,500 shares of capital stock of the same par value be issued to the plaintiff and that said demand was made upon the board of directors of said corporation while in session at Kenmare, N. D., and refused. That said 8,500 shares of stock are of the value of $42,000 and prays for judgment for the sum of $42,000.

We are of the opinion that the complaint does state a cause of action. It appears, therefrom, that the defendant, through its officers and di-

rectors, obtained by fraudulent representations, 8,500 shares of plaintiff's stock, the consideration for which entirely failed. As soon as plaintiff discovered the failure of consideration he demanded his stock, or other stock, of the same par value in the defendant corporation, and on the defendant's refusal to comply, he brought an action for the value of his stock.

Order affirmed.

CHRISTIANSON, BIRDZELL, NUESSLE, and BURR, JJ., concur.